

Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor | San Francisco, CA 94111-5998 | tel 415.983.1000 | fax 415.983.1200
MAILING ADDRESS:  P.O. Box 2824, San Francisco, CA 94126-2824

Alekzandir Morton
tel: +1.415.983.1216
alekzandir.morton@pillsburylaw.com

August 20, 2024

<u>VIA ECF</u>

Honorable Jacqueline Scott Corley
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

     Re**:**   *Ameer Loggins v. Leland Stanford Junior University, et al.*,
           <u>Case No. 3:24-cv-02027</u>

Dear Judge Corley:

Pursuant to the Minute Entry dated August 15, 2024, Dkt. No. 67, Defendant The Board of Trustees of the Leland Stanford Junior University (sued as Leland Stanford Junior University) ("Stanford") hereby submits a response to the letter submitted by Plaintiff Ameer Loggins ("Plaintiff") on August 16, 2024, Dkt. No. 69.

As an initial matter, Plaintiff's letter has proffered no amendment that would result in Stanford being liable for any defamatory statement that Defendant Kevin Feigelis may have made to Congress.  Thus, any amended defamation claim by Plaintiff would be futile as to Stanford.

Even if Plaintiff had proffered some allegations that would make Stanford liable for Mr. Feigelis's statements, the amended defamation claim would still be futile.  In his letter, Plaintiff acknowledges that there is an "absolute privilege for statements made to the legislature"; however, he cites dicta contained in a footnote in *Webster v. Sun Co., Inc.*, 731 F.2d 1, 5, n. 9 (D.C. Cir. 1984) to argue that the subsequent republication of Mr. Feigelis's congressional testimony in the Congressional Record is not privileged.

Congress is required to publish public proceedings in the Congressional Record.  *See* 44 U.S.C. § 903 ("The public proceedings of each House of Congress as reported by the Official Reports, shall be printed in the Congressional Record, which shall be issued in daily form during each session. . ."). Thus, because this republication of Mr. Feigelis's testimony was required by law, it is likewise privileged.  In *Newman v.*

Honorable Jacqueline Scott Corley
August 20, 2024
Page 2

*Legal Services Corp.*, the plaintiff asserted a claim for defamation based on (1) congressional testimony, and (2) the republication of that congressional testimony by sending a copy of it to an individual pursuant to the Freedom of Information Act (FOIA).  *Newman v. Legal Services Corp.*, 628 F. Supp. 535, 542-43 (D.D.C. 1986).  The court cited *Webster* and held that the testimony was absolutely privileged.  *Id*.  It further held that republication through compliance with a FOIA request was likewise privileged because it was required by law.  *Id*.  So too here:  the original testimony by Mr. Feigelis is absolutely privileged under the legislative privilege (as acknowledged by Plaintiff), and the subsequent republication of that testimony in the Congressional Record is privileged because it was required by law.  Plaintiff's requested amendment to his defamation claim is futile.

Accordingly, Stanford respectfully requests that its motion to strike the eighth cause of action for defamation be granted without leave to amend.

Respectfully Submitted,

*/s/ Alekzandir Morton*
Alekzandir Morton

Attorneys for Defendants
*The Board of Trustees of the Leland Stanford Junior University, et al.,*